### EAGLE MANUF'G CO. *v.* MOLINE, MILBURN & STODDARD CO.

*(Circuit Court, S. D. Iowa C D.   May 14, 1888.)*

PATENTS FOR INVENTIONS—INFRINGEMENT—IMPROVEMENT IN CULTIVATORS.

Letters patent No. 242,497, for an improvement in cultivators, consisting of a combination of a lifting spring with the beams and frame in such a way that the elevating effect upon the beam is increased as the bar is raised, although the tension of the spring decreases, are infringed by letters patent Nos. 259,- 626 and 266,123, which produce the same effect by a spring acting between the beam and the arched axle, the variations of form being but modifications of the means employed under the first-named letters.

In Equity.   Bill to restrain infringement of letters patent.
*Geo. H. Christy* and *Nathl. French*, for complainant.
*West & Wood*, for defendants.
Before SHIRAS and LOVE, JJ.

SHIRAS, J.   This cause was submitted with that of same complainant against David Bradley & Co., *ante*, 295, (just decided,) and as complain-

ant's rights are dependent upon the patent held valid in that cause, it is only necessary in this case to inquire into the question of infringement.

The answer herein alleges that the cultivators sold by defendants are manufactured by the Moline Plow Company. of Moline, Ill., under letters patent No. 259,626, issued to E. A. Wright, dated June 13, 1882, and No. 266,123, issued to William Evans, dated October, 1882, of which patents the Moline Plow Company is the assignee and owner. The patent first named is the third one issued to the same party; it appearing that complainant is the owner of the first two issued, and the Moline Plow Company of the last in date. In the specifications of the patent of 1882 it is stated that "the invention relates to an improved manner of constructing the frame and applying the springs for the purpose of raising, or assisting the operator to raise, the beams or drag-bars, the spring having in some cases the additional function of holding the shovels to their proper places in the ground." From this statement it is apparent that the subject of the patent practically includes the subject of his prior patent of 1881.

So far as the devices employed for raising the drag-bars are concerned, we find them to consist either in the use of a spiral spring operating between the upright of the arched axle and the drag-bar, and so connected therewith that, when the free end of the drag-bar is lifted, the force of the spring is applied through the rotation of the axle to the elevation of the drag-bar; or, instead of a spiral spring, it is said a curved or other form of spring may be used, from which it is apparent that no significance is attached to a special form of spring. In the Evans patent we find a spiral spring employed, which is placed around a rod passing at its upper end through a guide-plate attached to the upright of the arched axle, and connecting at the opposite end with an arm projecting from a rock-shaft placed in front or rear of the main axle. When the drag-bar is elevated it causes the rock-shaft and the arm projecting therefrom to be thrown forward, together with the bottom of the rod around which the spring is coiled, which causes the pressure of the spring to be exerted through the rock-shaft and its connection with the end of the drag-bar, in elevating the latter. In both these patents we find that, for the purpose of elevating the beam or drag-bar of the cultivator, reliance is had upon the force or effect of a spring acting between the drag-bar and the arched axle of the cultivator in such manner that the elevating effect upon the drag-bar increases as the bar is raised, although the tension of the spring decreases; and, while variations in form are shown, they are but modifications of the means employed by Wright to accomplish that purpose, and none of them dispense with the essential elements of his invention. It must therefore be held that, so far as these several patents include the application of a spring for the purpose and in the general manner indicated, they are based upon the Wright patent, and are infringements thereof. Decree for complainant.

LOVE, J., concurs.